IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Janet Bunce,

      Plaintiff,

      vs.                      Case No. 14-2149-JTM

Portfolio Recovery Associates,

      Defendant.

MEMORANDUM AND ORDER

This matter is before the court on the Motion to Consolidate or Transfer (Dkt. 20) filed by defendant Portfolio Recovery Associates (PRA). The defendant seeks to consolidate this action with six other Truth in Lending Act lawsuits (Case Nos. 14-02174-JAR; 14-02180-RDR; 14-02192-EFM; 14-02214-CM; 14-02216-RDR; 14-02266-JWL) filed against PRA by various debtors.

The plaintiffs agree to the consolidation of six of the cases. However, they do not agree to consolidating *Bunce*. That case, they stress, is not "identical to the other six," because it includes a claim that PRA charged interest at the statutory rate. At one point in their response to the motion, the plaintiffs state that they "do not necessarily object to the consolidation" so long as the court does not render "a single opinion [which] does not

address the difference in the pleadings." (Dkt. 21 at 1). Later in the same pleading, the plaintiffs directly object to such consolidation. (Id. at 3).

The court grants the motion to consolidate all seven cases. Plaintiffs concede that the other six cases have "have common questions of law and fact with *Bunce*." (*Id*. at 2). Fed.R.Civ.Pr. 42(a) permits consolidate in the event of such common questions of law or fact. However, the Rule "does not require identical factual scenarios, only common issues of fact." *Munjak v. Signator Investors*, No. 02-2108-CM, 2003 WL 232506939, *2 (D. Kan. 2003). "Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation." *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007).

The court has broad discretion to deciding whether to consolidate actions. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284–85 (2d Cir.1990). Here, consolidation for all purposes is appropriate to serve the interests of judicial economy, avoiding unnecessary costs or delay. The relatively minor distinction relating to the statutory interest claim in *Bunce* is insufficient to outweigh this interest.

IT IS ACCORDINGLY ORDERED this 23rd day of July, 2014, that PRA's motion to consolidate (Dkt. 20) is hereby granted.

        s/ J. Thomas Marten
        J. THOMAS MARTEN, JUDGE